JERRY SHAPIRO, CB#: 193102
LAW OFFICES OF JERRY SHAPIRO
16133 Ventura Boulevard, Suite 700
Encino, CA 91436
(818) 995-9188
Email: shapiroimmigrationlaw@gmail.com

Attorneys for Gegham Petrosyan

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEGHAM PETROSYAN,<br>*Plaintiff*<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY ; UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES ; Chad WOLF, Acting Secretary, Department of Homeland Security ; Mark KOUMANS, Acting Director, United States Citizenship & Immigration Services ; Kathy A. BARAN, Director, California Service Center, United States Citizenship & Immigration Services<br>*Defendants*. | Case No.<br><br>COMPLAINT FOR WRIT OF MANDAMUS |

## COMPLAINT FOR WRIT OF MANDAMUS

Comes now Plaintiff Gegham Petrosyan, by and through counsel, and in support of his claim for relief states as follows:

1

I. INTRODUCTION:

1. This is a civil action brought by Plaintiff to compel defendant officers of the United States to adjudicate an I-130 Immigrant Petition for Alien Relative, filed by Plaintiff Gegham Petrosyan, a Lawful Permanent Resident of the United States, on behalf of his spouse, Armine Amiryan (hereafter "I-130" or "petition"). Adjudication of the petition is a nondiscretionary ministerial duty owed to Plaintiff. Plaintiff has no other adequate remedy to obtain that right other than by way of this complaint. Plaintiff respectfully requests this Honorable Court issue its order compelling defendants to make a determination on Plaintiff's petition on behalf of his wife, or alternatively requests that this Honorable Court issue a writ of mandamus compelling defendants to adjudicate Plaintiff's long-delayed petition for his wife.

II. PARTIES:

2. Plaintiff Gegham Petrosyan resides in Los Angeles, California and became a Lawful Permanent Resident of the United States on December 10, 2008. He has been married to Armine Petrosyan, a citizen of Armenia, since April 30, 2008. They have two children together. The children reside with Ms. Petrosyan in Armenia. On February 6, 2017, Mr. Petrosyan filed an I-130 petition on behalf of Ms. Petrosyan.

3. Defendant Department of Homeland Security ("DHS") is the agency of the United States that is responsible for the administration of the immigration laws pursuant to 6 U.S.C.

section 251 and for assisting the United States Citizenship & Immigration Services with background and security checks.

4. Defendant United States Citizenship & Immigration Services ("USCIS") is the component of DHS that is responsible for the administration of the immigration law and for processing immigrant visa petitions.

5. Defendant Chad F. Wolf is sued in his official capacity as the Acting Secretary of DHS. In this capacity, he is responsible for the administration of the immigration laws pursuant to 6 U.S.C. section 251. As the Acting Secretary of DHS, he oversees the actions of DHS's sub-agencies and has ultimate responsibility for the actions of USCIS officers in adjudicating Plaintiff's I-130 petition.

6. Defendant Mark Koumans is sued in his official capacity as the Acting Director, USCIS, a bureau of DHS. In this capacity, he is responsible for the administration of the immigration laws.

7. Defendant Kathy A. Baran is sued in her official capacity as the Director of the California Service Center, USCIS, whose office address is 24000 Avila Road, Laguna Niguel, CA 92677. As the director of the California Service Center, she has the ultimate responsibility within her office for the lawful adjudication of Plaintiff's I-130 petition.

III JURISDICTION:

8. This is a civil action brought pursuant to 28 U.S.C. section 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the

plaintiff.")  Jurisdiction is further conferred by 8 U.S. C. section 1329 (jurisdiction of the district courts) and 28 U.S.C. section 1331 (federal subject matter jurisdiction.)

9. Jurisdiction is also conferred by and relief sought under the Administrative Procedure Act ("APA")  pursuant to 5 U.S.C. section 701 et seq., section 702 and section 704.

IV  VENUE:

10. Venue properly lies in the Central District of California pursuant to 28 U.S.C section 1391(e)(1)(A) which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of authority, or any agency of the United States, the action may be brought in any judicial district in which the defendant in the action resides.  Defendant Kathy A. Baran's office at the California Service Center is in Laguna Niguel, California, which is located in this district.

11. Venue also lies in the Central District of California pursuant to 28 U.S.C. section 1391(e)(1)( B).  Plaintiff's I-130 petition is under adjudication by the California Service Center which is located in this District.

V.  EXHAUSTION OF REMEDIES:

12. Plaintiff seeks to have the Court compel defendants to finalize the adjudication of the I-130 Petition for Alien Relative which Plaintiff filed with defendants on February 6, 2017 and bears the identification number WAC1790202659.

13. Plaintiff has exhausted his administrative remedies, as he has conducted numerous inquiries with defendants regarding the status of the I-130 petition, without success. No other administrative remedy exists.

VI.  STATEMENT OF FACTS:

14. Plaintiff is a lawful permanent resident of the United States.  He has been married to Armine Amiryan, a citizen of Armenia since April 30, 2008.  The couple have two children together, both born in Armenia.

15. Plaintiff filed an I-130 Petition for Alien Relative on behalf of his spouse on February 6, 2017.  Defendant USCIS assigned the petition case number WAC1790202659 in the receipt notice it issued to Plaintiff. (Exhibit 1, USCIS Receipt Notice).  Defendant USCIS is responsible for the adjudication of I-130 petitions.  (*See generally* 8 C.F.R. sections 103.1(a) and 103.2(a)(6).)

16.  The beneficiary of an immigrant visa petition may, if other criteria are met, apply for an immigrant visa to become a lawful permanent resident at a United States embassy or consulate.  Visa availability for spouses of lawful permanent residents is determined the Department of State.  Defendant USCIS may adjudicate I-130 petitions prior to visa availability.

17. The I-130 petition is currently at the California Service Center of USCIS.

18. Plaintiff has repeatedly sought to have defendants adjudicate the I-130 petition, to no avail.  Plaintiff provided defendants with ample evidence of the bona fide nature of the marriage with the I-130 petition, including birth certificates for children born to the

marriage. Defendants have asked Plaintiff to provide any additional information concerning the bona fides of the marriage. In response to repeated requests for information over the course of a year, defendants have repeatedly advised Plaintiff that a decision on his case was delayed "because the required security checks are still pending."

VII. FIRST CLAIM FOR RELIEF:

(Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all defendants, Plaintiff alleges and states as follows:

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

20. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. section 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. (Litton Microwave Cooking Prods. V. NLRB, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

21. The APA permits this Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. section 706(1).

22. Plaintiff alleges that the petition has been in administrative processing beyond a reasonable time period for completing administrative processing.

23. The combined delay and failure to act on Plaintiff's I-130 petition is attributable to the failure of defendants to adhere to their legal duty to avoid unreasonable delays under the Immigration and Nationality Act ("INA") and the applicable rules and regulations.

24. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

25. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting processing of the petition with defendant USCIS through telephone and email requests for action.

VIII.  SECOND CLAIM FOR RELIEF
(Violation of Right to Due Process of Law)

For the second claim for relief against all defendants, Plaintiff alleges and states as follows:

26. Plaintiff realleges and incorporate by reference the foregoing paragraphs as fully set out herein.

27. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

28. The combined delay and failure to act by defendants has violated the due process rights of Plaintiff.

29. The combined delay and failure to act by defendants has irrevocably harmed Plaintiff in his ability to sponsor family members for residence in the United States.

IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Gegham Petrosyan requests the following relief:

A. That this Honorable Court assume jurisdiction over this action;

B. That this Honorable Court issue a writ of mandamus compelling defendants to promptly complete all processing of Plaintiff's I-130 petition on behalf of his spouse;

C. Award Plaintiff his attorney's fees, costs and expenses as applicable;

D. Grant Plaintiff any other relief as the Court deems just, equitable and proper.

                                Respectfully submitted,

DATED: 05/13/2020        /s/Jerry Shapiro

                                JERRY SHAPIRO

                                Law Offices of Jerry Shapiro
                                16133 Ventura Blvd., Suite 700
                                Encino, CA 91436
                                (818) 995-9188
                                shapiroimmigrationlaw@gmail.com